SPAUS *v.* SCHAFFNER.

(*Supreme Court, Special Term, New York County.* August 2, 1888.)

1. WRITS—PUBLICATION—AUTHORITY TO MAKE ORDER—COLLATERAL ATTACK.
   In an action to foreclose a mortgage, an affidavit of the plaintiff's attorney that he had placed the summons in the hands of a person who had searched one week for defendant, and that he then delivered the same to the sheriff, to which affidavit was attached the summons with the sheriff's certificate of "not found," authorizes the court to make an order of publication, and the same cannot be attacked collaterally.

2. SAME—PUBLICATION—SERVICE BY MAIL.
   Neither is such order void as not stating the name of the place to which the summons and complaint should be sent, under Code Civil Proc. § 135, then in force, providing that in case of publication the court must direct a copy of the summons and complaint to be deposited in the post-office directed to the defendant at his residence, unless the same is not known, and cannot with reasonable diligence be ascertained, it having ordered the same to be deposited, postage paid, in the post-office, directed to defendant at New York city, where the affidavit alleged he had formerly resided, his then whereabouts being unknown.

*Salomon & Dulon,* for plaintiff.  *Maclay & Forrest,* for defendant.

INGRAHAM, J. I think it clear that the judge had jurisdiction to grant the order of publication against Livingston, the defendant in the action, for the foreclosure of the mortgage in pursuance of which the plaintiff claims. The affidavit of the plaintiff's attorney in that action states that he had placed

the summons in the hands of a person who searched for one week; that the deponent then placed the same in the hands of the sheriff of the city and county of New York; and that the sheriff returned the same not found; and that he then made inquiries concerning the whereabouts of Livingston, without result, and annexed to that is the summons, with the sheriff's certificate indorsed thereon, that he used due diligence to find Livingston, to serve him with a copy of the summons and complaint, but, from the best information that the sheriff could obtain, he was not a resident and not now in the county. These facts gave the judge jurisdiction to act, and the order that was made cannot be attacked collaterally. Nor do I think the order obtained upon such affidavit void because it did not state the name of the place to which the summons and complaint should be sent. The order directed that the summons and complaint should be deposited in the post-office in the city of New York, directed to the defendant, W. Q. Livingston, the legal postage to be paid thereon. By the affidavit it appeared that Livingston had formerly resided in the city of New York, but that his whereabouts or present residence could not be ascertained, and under that order the summons and complaint was deposited in the post-office, inclosed in an envelope and addressed W Q. Livingston, New York City, New York. Section 135, of the Code, in force at the time, provided that in case of publication the court or judge must also direct a copy of the summons and complaint to be forthwith deposited in the post-office, directed to the person to be served at his place of residence, unless such residence is neither known to the party making the application, nor can with reasonable diligence be ascertained by him. The affidavits upon which the order was founded are sufficient to give the court jurisdiction to pass upon the question whether the residence of Livingston was unknown to the party making the application, or could with due diligence be ascertained by him, and it was for him to say whether he was satisfied of those facts. If such residence was unknown and could not be ascertained, it was not necessary for the order to contain a provision requiring a deposit of a copy of the summons and complaint in the post-office. The order, however, did require that the summons and complaint be deposited in the post-office in the city and county of New York, directed to the defendant Livingston, and the affidavit shows that that was done. On the whole case I think the court acquired jurisdiction over Livingston, and that, under the judgment, Livingston's interest in the property was cut off by the sale. The defendant is therefore entitled to judgment directing the plaintiff to specifically perform the contract. Findings and judgment to be settled on notice on or before August 8th.